UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

EMOSHIA L. DUNCAN                                          PLAINTIFF

v.                                            CIVIL ACTION NO. 5:17-CV-P42-GNS

SKYLA GRIEF et al.                                          DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff Emoshia L. Duncan, a prisoner presently incarcerated at Kentucky State Penitentiary (KSP), filed a *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will allow the Eighth Amendment failure-to-protect claim to proceed against Defendant Robertson in her individual capacity. All other claims and Defendants will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff identifies the following six Defendants in this action: (1) Skyla Grief, the Deputy Warden at KSP; (2) Joy Myers, "Social Service Clin." at KSP; (3) Jill Robertson, "Unit Administration" at KSP; (4) Seth Mitchell, "PREA (Prison Rape Elimination Act) Investigation"; (5) Dan White;[1] and (6) Randy White,[2] the Warden at KSP. Plaintiff sues Defendants in their individual and official capacities. Plaintiff seeks monetary and punitive damages. He states he wants "immediately CR. 65.04" as injunctive relief. He further seeks the

---

[1] Dan White is included in the caption of the complaint as a Defendant. However, Plaintiff does not include Dan White in the "Parties" section of the complaint and does not identify this Defendant. Plaintiff provides no summons for Dan White and makes no allegations against Dan White in the complaint.

[2] Randy White is not listed as a Defendant in the caption of the complaint, but is listed as a Defendant in the "Parties" section of the complaint, and Plaintiff has provided a summons for him.

Court to "Grant Temporary injunction & TRO." The Court has already addressed Plaintiff's request for preliminary injunctive relief and a temporary restraining order (DN 6).

In his complaint, Plaintiff states that he was approved to participate in the KSP transitional program, and he was to be "transferred immediately from Little Sandy Correctional Complex." Plaintiff asserts that the "former Ex. Secretary, Mr. J. Michael Brown And the deputy Commissioner James Erwin of Justice And Public Safety Cabinet Department of Corrections and had made arrangements and agreement that the Plaintiff could participate only if Plaintiff would not be around any his conflicts due to Plaintiff having several unknown and documentive . . . conflicts." Following this introduction, Plaintiff asserts claims under the Eighth and Fourteenth Amendments. He breaks his statement of claims down into specific claims; thus, the Court will present them in a similar manner.

**First Claim**

Plaintiff states that in the past at a different institution, he had been in a physical altercation with another inmate, Kyrus Cawl. Plaintiff states that he had a concern about being in the transitional program with inmate Cawl. According to Plaintiff, he "address[ed] the problem before the conflict stimulated into another physical altercation" with inmate Cawl. Plaintiff states that he advised Defendant Robertson "that it would be in the best of interest to allow both inmate Kyrus Cawl and the Plaintiff into the transitional program together because it could be a life and death situation happen between both inmates." Plaintiff asserts that Defendant Robertson knew Plaintiff "had a conflict with inmate Kyrus Cawl and had faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures . . . ." Plaintiff further asserts that Defendant Robertson "created an indifference by being 'aware' of the problem before the transitional program committee still decided to make decision to

deliberately place inmate Kyrus Cawl in the transitional program regardless of what had occurred."

### Second Claim

Plaintiff states that on April 9, 2016, he was in a physical altercation with inmate Kyrus Cawl while housed in "3 cell house." According to Plaintiff, Sgt. O'Bryan "grabbed the pepper ball launcher and started to fire it without any formal (training) of how to fire this device properly and effectively." Plaintiff states that Sgt. O'Bryan's actions "placed plaintiff life in jeopardy due to not shooting each inmate equally with the amount of O.C. pepper balls fired at each individual." Plaintiff states that inmate Cawl "did not get hit with any O.C. pepper balls, which placed plaintiff at a disadvantage . . . ." Plaintiff states that Sgt. O'Bryan "fired several rounds at plaintiff blinding him and enabling for him to breathe and leaving plaintiff defenseless while being assaulted and sexual degraded. Sgt. O'Bryan placed Plaintiff life endanger."

### Third Claim

As to this claim, Plaintiff states as follows: Defendant Mitchell "deliberately failed to go through the appropriate steps of conducting a P.R.E.A. [Prison Rape Elimination Act] investigation by not exercising general precaution and responding immediately to [Plaintiff's] safty and concerns."

### Fourth Claim

As to this claim, Plaintiff states that Dan Smith "has contunuously deliberated refuse plaintiff rights to redress his Grievances, Dan Smith prematurely rejecting plaintiff's complaints. and over stepping his boundary by violating the policies which are being maintained in Governing Accordance to Kentucky C.P.P. (Corrections Policies and Procedures) (14.6 et. seq.

plaintiff's constitutional Rights . . . . . interfering with an inmate's ability to present his grievances in court." (ellipses in original).

### Fifth Claim

As to this claim, Plaintiff states that Defendant Randy White "is held liable for failing to take action to maintain his employees and officers under his authority that are involved in wrongful and illegal acts."

### II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

4

(citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Because Defendants are all employees or officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *Id.* at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983. Additionally, the Eleventh Amendment[3] acts as a bar to claims for monetary damages against Defendants in their official

---

[3] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign

5

capacities. *Kentucky v. Graham*, 473 U.S. at 169; *see also Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state-court litigation was barred by the Eleventh Amendment).

Accordingly, Plaintiff's official-capacity claims will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.[4]

### B. Individual-Capacity Claims

#### 1. Claims Against Defendants Grief, Myers, and Dan White

Plaintiff includes Skyla Grief, Joy Myers, and Dan White as Defendants in this action. However, Plaintiff makes no allegations against them in his complaint. "It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation; the doctrine of *respondeat superior* has no application thereunder." *Cox v. Barksdale*, No. 86-5553, 1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982)). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also LeMasters v. Fabian*, No. 09-702

---

State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).
[4] As the only injunctive relief Plaintiff seeks, "immediately Cr. 65.04," is unavailable to him in a civil case, the Court considers that Plaintiff is seeking only monetary relief in this case.

DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights.") (emphasis in original).

Having failed to allege any conduct on the part of Defendants Grief, Myers, and Dan White that violates Plaintiff's rights, Defendants Grief, Myers, and Dan White will be dismissed from this action.

### 2. Claim Against Defendant Mitchell

Plaintiff alleges that Defendant Mitchell failed to go through the appropriate steps in conducting a Prison Rape Elimination Act (PREA) investigation. Specifically, Plaintiff states that Defendant Mitchell did not exercise "general precaution" or respond "immediately to [Plaintiff's] safety concerns."

To the extent Plaintiff seeks to bring a claim based on the PREA, such claim fails. Although not addressed in the Sixth Circuit, several district courts, including the Western District of Kentucky, have found that the PREA, 42 U.S.C. § 15601 *et seq.*, "does not create a private cause of action which can be brought by an individual plaintiff." *Sublett v. Henson*, No. 5:16CV-P184-TBR, 2017 WL 1660126, at *5 (W.D. Ky. Apr. 27, 2017); *see also Dickey v. Rapier*, No. 3:16-CV-P712-TBR, 2017 WL 1424803, at *5 (W.D. Ky. Apr. 19, 2017) (finding that the PREA does not create a private cause of action that can be brought by an individual); *Peterson v. Burris*, No. 14-cv-13000, 2016 WL 67528, at *2 (E.D. Mich. Jan. 6, 2016) (finding that the magistrate judge "did not err in her determination that the PREA does not provide prisoners with a private right of action"); *Chapman v. Willis*, No. 7:12-CV-00389, 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013) ("There is no basis in law for a private cause of action under § 1983 to enforce a PREA violation."); *Holloway v. Dep't of Corr.*, No. 3:11-

VCV1290(VLB), 2013 WL 628648, at *2 (D. Conn. Feb. 20, 2013) ("There is nothing in the PREA that suggests that Congress intended it to create a private right of action for inmates to sue prison officials for non-compliance to the Act."); *Faz v. N. Kern State Prison*, No. CV-F-11-0610-LJO-JLT, 2011 WL 4565918, at *5 (E.D. Cal. Sept. 29, 2011) ("The PREA was enacted to study the problem of prison rape. Nothing in the Act suggests that it created a private right of action. Accordingly, the PREA does not create a private right of action . . . .") (citation omitted); *Woodstock v. Golder*, No. 10-cv-00348-ZLW-KLM, 2011 WL 1060566, at *9 (D. Colo. Feb. 7, 2011) ("PREA provides no private right of action.") (citation omitted).

> The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. 42 U.S.C. § 15601 *et seq.* The statute does not grant prisoners any specific rights. In the absence of "an 'unambiguous' intent to confer individual rights," such as a right to sue, courts will not imply such a right in a federal funding provision.

*Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008) (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 279-80 (2002)); *see also Jones v. Schofield*, No. 1:08-CV-7 (WLS), 2009 WL 902154, at *2 (M.D. Ga. Mar. 30, 2009) ("A reading of the Prison Rape Elimination Act makes clear that its goal is to lessen the occurrence of rapes in prisons across this Country. Its focus concentrates on statistics, standards, developing information, and regulating federal funding in an effort to lessen prison rapes. Nowhere in the language of the Act can it be interpreted to create a private *right* which may be enforced in a § 1983 action.") (emphasis in original).

    Upon consideration, this Court also concludes that the PREA creates no private right of action. Accordingly, Defendant Mitchell and the claim brought against him under the PREA will be dismissed.

### 3. Claim Against Defendant Randy White

As to Defendant Randy White, Plaintiff states that he "is held liable for failing to take action to maintain his employees and officers under his authority that are involved in wrongful and illegal acts."

The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 691-94; *see also Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009) ("[A] § 1983 claim must fail against a supervisory official unless the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.") (quotation omitted); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) ("Section 1983 liability will not be imposed solely upon the basis of respondeat superior."). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Plaintiff seeks to bring a claim against Defendant Randy White based upon the actions or inactions of others. Nothing in the complaint sets forth any action taken on the part of Defendant White or shows how this Defendant was personally involved in the alleged wrongful conduct. Therefore, Defendant Randy White and the claims against him will be dismissed for failure to state a claim upon which relief may be granted.

### 4. Grievance Claim

As to this claim, Plaintiff alleges that "Respondent Dan Smith . . . refuse Plaintiff['s] rights to redress his grievances," rejected Plaintiff's complaints prematurely, and "over stepp[ed] his boundary by violating the policies which are being maintained in governing accordance to Kentucky C.P.P. (14.6 et. seq. . . ."

Initially, the Court notes that Dan Smith has not been named as a Defendant in this action. However, the Court need not give Plaintiff an opportunity to amend his complaint to include Dan Smith as a Defendant since the grievance claim against him would fail. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Leave to file an amended complaint . . . should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility.").

"The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d at 300). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."). Rather, as previously stated, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676.

Further, Plaintiff alleges that Dan Smith failed to follow C.P.P. 14.6 *et. seq*. Failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation); *McVeigh v. Bartlett*, No. 94-2347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (finding that the failure to follow the prison policy directive did not rise to the level of a constitutional violation because the policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney v. Farley*, 501 F.3d 577, 580-81 (6th Cir. 2007).

Accordingly, Plaintiff's claim regarding his grievances will be dismissed.

### 5. Claim Regarding Pepper Spray

Plaintiff states that a Sgt. O'Bryan fired pepper balls at him during a physical altercation Plaintiff was having with another inmate without being formally trained on the use of the "pepper ball launcher." Plaintiff states that he got hit with pepper balls whereas the other inmate did not. Further, Plaintiff states that the pepper spray blinded Plaintiff and rendered him unable to breathe. Plaintiff asserts a "Deprivation of Due Process Rights held under the 8th Constitutional Amendment."

The Court first notes that Sgt. O'Bryan has not been named as a Defendant in this action. However, the Court need not give Plaintiff an opportunity to amend his complaint to include Sgt. O'Bryan as a Defendant since the claim against him would fail. *See Foman v. Davis*, 371 U.S. at

11

182 ("Leave to file an amended complaint . . . should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility.").

There is no due process clause in the Eighth Amendment. The Eighth Amendment protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. When prison officials are accused of using excessive physical force in violation of the Eighth Amendment's Cruel and Unusual Punishments clause while attempting to resolve a disturbance, "the inquiry in each case must be 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Caldwell v. Moore*, 968 F.2d 595, 601 (6th Cir. 1992) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In the present case, Plaintiff makes no allegation that Sgt. O'Bryan acted maliciously or sadistically.

Thus, Plaintiff fails to state a claim as to Sgt. O'Bryan's use of the pepper spray, and this claim will be dismissed.

### 6. Failure-To-Protect Claim Against Defendant Robertson

Plaintiff claims that Defendant Robertson knew about a prior physical altercation between Plaintiff and inmate Kyrus Cawl. Plaintiff asserts that he advised Defendant Robertson to not place Plaintiff and this inmate together in the transitional program. Despite this, according to Plaintiff, Plaintiff was placed in the transitional program with inmate Cawl and a physical altercation later ensued.

Upon consideration, the Court will allow this Eighth Amendment failure-to-protect claim to proceed against Defendant Robertson in her individual capacity.

## IV. ORDER

For the reasons stated above, **IT IS ORDERED** as follows:

(1) The official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and 28 U.S.C. § 1915A(b)(2) since Plaintiff seeks monetary damages from Defendants who are immune from such relief;

(2) The individual-capacity claims against Defendants Grief, Myers, Mitchell, Dan White, and Randy White are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(3) The grievance claim and the claim regarding the use of the pepper balls are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and

(4) There being no remaining claims against them, Defendants Grief, Myers, Mitchell, Dan White, and Randy White are **DISMISSED** from this action. The **Clerk of Court** is **DIRECTED** to terminate them as parties to this action.

**IT IS FURTHER ORDERED** that the Eighth Amendment failure-to-protect claim will proceed against Defendant Robertson in her individual capacity.

The Court will enter a separate Order directing service and governing the development of the continuing claim. In permitting this claim to continue, the Court passes no judgment on the merits and ultimate outcome of the action.

Date: July 12, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4416.003