# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**EMOSHIA L. DUNCAN**                                                                 **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 5:17CV-P42-GNS**

**SKYLA GRIEF et al.**                                                                **DEFENDANTS**

## MEMORANDUM OPINION

On March 17, 2017, while confined at Kentucky State Penitentiary (KSP), Plaintiff filed a *pro se* civil-rights complaint pursuant to 42 U.S.C. § 1983 (DN 1). On July 14, 2017, the Court performed initial review of the complaint (DN 7) pursuant to 28 U.S.C. § 1983 and allowed the Eighth Amendment failure-to-protect claim to proceed against Defendant Robertson in her individual capacity. All other claims and Defendants were dismissed. On this same date, the Court entered an Order Regarding Service and Scheduling Order governing the development of the continuing claim. The Order Regarding Service and Scheduling Order was mailed to Plaintiff at the KSP address he had provided to the Court. On July 25, 2017, that document sent to Plaintiff was returned to the Court (DN 10) marked "Left 6-5-2017" and "Return To Sender, Refused, Unable To Forward."

Upon filing the action in this Court, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(e) ("All pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff has not provided any notice of an address

change to the Court, neither orders or notices from this Court nor filings by Defendant can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Review of the docket reveals that Plaintiff has taken no action in this case subsequent to filing the complaint and application to proceed without prepayment of fees on March 17, 2017. Review of the docket further reveals that over three months have passed since the copy of the Order Regarding Service and Scheduling Order mailed to Plaintiff was returned to the Court without Plaintiff providing any notice of an address change. Because Plaintiff has failed to provide an updated address to the Court and an Order sent to Plaintiff by this Court has been returned, the Court concludes that Plaintiff has failed to comply with Local Rule 5.2(e), has abandoned any interest in prosecuting this action, and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court

apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

Therefore, the Court will enter a separate Order consistent with this Memorandum Opinion.

Date: October 30, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Counsel of Record
4416.003